[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16676
Non-Argument Calendar

_____

D. C. Docket No. 06-00009-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES KEITH VEREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 5, 2007)**

Before DUBINA, CARNES, and WILSON, Circuit Judges.

PER CURIAM:

James Keith Vereen appeals his 162-month sentence for knowingly and

intentionally possessing with intent to distribute two kilograms of cocaine hydrochloride. 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II). Vereen argues that the district court miscalculated the drug quantity attributable to him by relying on an accomplice's testimony. We find no clear error in the district court's calculation.

## BACKGROUND

Drug Enforcement Administration ("DEA") agents interviewed Tralvin Bethel about his illegal drug activity. Bethel identified Vereen as an individual to whom he had supplied approximately thirty-four kilograms of cocaine from September 2001 to January 2006. Vereen was arrested on January 10, 2006, after the police lawfully searched his car and found two kilograms of powder cocaine.

A federal grand jury indicted Vereen by superseding indictment for (1) knowingly and intentionally conspiring with other persons to distribute five kilograms or more of cocaine hydrochloride and (2) knowingly and intentionally possessing with intent to distribute two kilograms of cocaine hydrochloride. Vereen pled guilty to possession with intent to distribute, and the government dismissed the conspiracy count, pursuant to a plea agreement.

Based on the relevant conduct described by Bethel, the probation officer attributed at least fifteen but fewer than fifty kilograms of cocaine hydrochloride to Vereen. Accordingly, Vereen's pre-sentencing report (PSR) initially set the base

offense level at thirty-four.  U.S.S.G. § 2D1.1(c)(3).  Vereen received a three-level reduction for acceptance of responsibility.  §§ 3E1.1(a), (b).  With a total offense level of thirty-one and Vereen's eight criminal history points, the advisory Guidelines range was 151-188 months' imprisonment.

The government presented two witnesses at Vereen's sentencing hearing.  The first was a DEA Agent.  From November 2005 through January 2006, the Agent intercepted about sixty telephone calls between Bethel and Vereen.  The calls demonstrated that Vereen attempted to get cocaine from Bethel.  Bethel was later arrested, but he cooperated with the police.  The Agent also testified that the police corroborated Bethel's claim that he supplied cocaine to Vereen.

Bethel was the government's second witness.  He estimated that he supplied Vereen with twenty to twenty-five kilograms of cocaine in 2001 and 2002.  He also testified that they temporarily stopped dealing together because Vereen was imprisoned between 2002 and 2005.  From October 2005 to January 2006, Bethel supplied Vereen with four to five kilograms of powder cocaine, including the two kilograms found in the car when Vereen was arrested.  The district court sentenced Vereen to 162 months' imprisonment after considering the advisory Guidelines range and adopting the PSR's calculation of the attributable quantity of drugs.

## STANDARD OF REVIEW

We review for clear error a district court's factual determination of the drug

quantity for which a defendant is responsible. *See United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). We defer to the district court's assessment of the sentencing witnesses' credibility and accept that assessment unless it is clearly erroneous. *United States v. Glinton*, 154 F.3d 1245, 1259 (11th Cir. 1998). "We cannot find clear error unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (internal quotation marks omitted).

## DISCUSSION

Vereen claims that district court applied the wrong base offense level in determining his sentence. The base offense level of a possession or conspiracy drug offense is calculated by determining the quantity of drugs attributable to a defendant. *See* U.S.S.G. § 2D1.1. Since Vereen objects to the calculation, the government bears the burden of establishing the quantity by a preponderance of the evidence. *See Rodriguez*, 398 F.3d at 1296. Although the preponderance standard is a relaxed evidentiary standard, "it does not grant the court a license to sentence a defendant in the absence of sufficient evidence." *Id.* (internal quotation marks omitted).

Vereen denies that the district court's calculation was supported by a preponderance of the evidence. He argues that Bethel is not a credible witness and that the district court erred by relying on Bethel's testimony.

We find no clear error here.  We owe "due regard" to the district court's determination that Bethel was a credible sentencing witness.  *See Glinton*, 154 F.3d at 1259.  Furthermore, the DEA Agent testified that Bethel had been forthcoming and that the police corroborated Bethel's information.  Bethel's testimony as to the timing of his transactions with Vereen was also consistent with Vereen's imprisonment from 2002 through 2005 for drug offenses.  Since Bethel's testimony established by a preponderance that fifteen to fifty kilograms of cocaine were attributable to Vereen, we find that the district court's calculation was not clearly erroneous.  We accordingly affirm Vereen's sentence.

**AFFIRMED.**